IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 3:16-CR-11 |
| v. | ) | |
| | ) | |
| ROBERT YELVERTON, | ) | (PHILLIPS / SHIRLEY) |
| | ) | |
| Defendant. | ) | |
| | ) | |

**ORDER OF CONTINUED DETENTION PENDING TRIAL**

This case came before the Court on August 26, 2016, for a detention hearing and a motion hearing on the Emergency Motion of the Defendant for a Detention Hearing, or for Temporary Release from Custody, and Other Relief [Doc. 98], filed on August 24, 2016. Assistant United States Attorney David C. Jennings appeared on behalf of the Government. Attorney Francis L. Lloyd, Jr., represented the Defendant, who was also present. In the motion, the Defendant asks for a detention hearing or for temporary release from custody to allow him to visit his family and attend the memorial service of his grandmother on August 27, 2016. Alternatively, the Defendant asks to attend the memorial service while remaining in the custody of the United States Marshal Service. At the hearing, the Government opposed release, arguing that no conditions exist that will reasonably assure the Defendant's appearance in Court or the safety of the community. Moreover, the Government contends that the motion is moot, because, if the Court were to release the Defendant, he would immediately be taken into custody on state charges and would remain there through the memorial service.

The Defendant is charged [Doc.1] with conspiring to distribute methamphetamine over a four-month period, possession of methamphetamine with intent to distribute, and

possession of a firearm in furtherance of a drug trafficking crime. The Defendant was brought into federal custody on a writ [Doc. 28] of habeas corpus ad prosequendum and came before the Court on March 21, 2016, for an initial appearance and arraignment. At that time, the Defendant waived [Doc. 41] his right to a detention hearing but reserved the right to move for a detention hearing at a later time. In the instant motion, the Defendant requests a detention hearing, which the Court held on August 26.

At the hearing, the Defendant presented the testimony of his fiancée Kayla Allison. Ms. Allison stated that she and Defendant Yelverton have been together for four years and have two children, whose ages are two years and seven months. She stated that she and the Defendant plan to be married, but these plans are on hold pending the outcome of the Defendant's charges. She stated that the Defendant's grandmother Nancy Shepherd died on August 16, 2016, and her memorial service is scheduled for August 27, 2016, at 2:30 p.m. She said that the Defendant had a close relationship with Ms. Shepherd, who was paralyzed on her right side from a stroke. Ms. Allison said that before he was incarcerated, the Defendant would check on his grandmother daily, collect her laundry, and make sure she had food. Ms. Allison said that the Defendant is depressed about his grandmother's passing and longs to be at the memorial service to support his mother, Penny Yelverton, who is the daughter of the deceased.

Ms. Allison opined that if the Defendant was released to attend his grandmother's memorial service, he would not hurt anyone in the community, nor would he run away. She said that he was not hurting others before he was incarcerated but, instead, had been depressed and turned to drugs like most people in their generation. Ms. Allison said that, at that time, she was pregnant and could not help the Defendant. She said that the Defendant is "in his right mind now" and would not flee because his mother needs him. Ms. Allison stated that the Defendant

2

has recently signed a plea agreement and that if he fled or violated the conditions of his release, he would ruin the opportunities afforded by the plea agreement. The Defendant's mother and two young children were also in the courtroom to support him.

Mr. Lloyd argued that the only relief requested by the Defendant was to be able to attend his grandmother's memorial service. He contended that there are conditions that would assure the Court that the Defendant would not flee or endanger others, such as electronic monitoring. Alternatively, the Defendant seeks to attend the service while remaining in the custody of the United States Marshals. Mr. Lloyd argued that if the Defendant violated the conditions of release, he would lose his beneficial plea agreement and possibly gain additional criminal charges. He stated that this prospect would be a strong deterrent for the Defendant.

AUSA Jennings argued that the Defendant's lengthy criminal history weighed against release. He said the twenty-six-year-old Defendant had numerous instances of violating probation and failing to appear for court. Moreover, he stated that the Defendant has pending charges and detainers in two other jurisdictions. He said that even if the Court released the Defendant today, he would have to go into custody in Knox County. Mr. Jennings stated that it was impossible for the Defendant to appear and make bond on those charges before the memorial service the next day and that if released, he would simply be detained in another jail during the service. Finally, Mr. Jennings argued that while he understood the pain of losing a close relative, the cost to the taxpayers to have two deputy marshals transport and guard the Defendant on a weekend was prohibitive. He asked the Court to deny the Defendant's motion.

Following a detention hearing, a defendant may be detained pending trial if no condition or combination of conditions exist that will reasonably assure (1) the defendant's appearance as required in court and (2) the safety of the community or any person in it. 18

U.S.C. § 3142(e). The Court finds that the instant case qualifies for the statutory rebuttable presumption that no condition or combination of conditions will reasonably assure the Defendant's appearance or the safety of the community. See 18 U.S.C. 3142(e)(3). In this respect, the Court finds probable cause, in the form of the Indictment, to believe that the Defendant has committed an offense under the Controlled Substances Act for which he faces a maximum sentence of ten years or more. See 18 U.S.C. § 3142(e)(3)(A); United States v. Stone, 608 F.3d 939, 947 (6th Cir. 2010); United States v. Hazime, 762 F.2d 34, 37 (6th Cir. 1985) (holding that the indictment establishes probable cause for purposes of the rebuttable presumption). This presumption places the burden of production with the Defendant, while the Government retains the burden of persuasion. Stone, 608 F.3d at 947.

In light of the testimony, the pretrial services report, and argument, the Court finds that the Defendant has not overcome the presumption that no conditions of release could reasonably assure the safety of the community or his appearance in court as required. In making this determination, the Court is required to considered the factors enumerated in 18 U.S.C. § 3142(g). Factor one looks to the nature and circumstances of the offense charged, including whether it involves a controlled substance or a firearm. See 18 U.S.C. § 3142(g)(1). In the present case, the Defendant is charged with three qualifying offense: Conspiracy to distribute methamphetamine, distribution of methamphetamine, and possession of a firearm in furtherance of drug trafficking. This factor weights in favor of detention.

Second, the Court finds that factor two, the weight of the evidence against the defendant, argues for detention in this case. With regard to the second factor, the Court initially observes that the offenses with which the Defendant is charged in Counts One and Five are among those crimes for which Congress has deemed the offender particularly dangerous or

4

particularly likely to flee. See Stone, 608 F.3d at 947 n.6 (noting that Congress has attached a presumption to those types of crimes, such as drug trafficking, which indicate a "strong probability" that the perpetrator will flee). In this case, the weight of the evidence that the Defendant will flee is great because the Defendant has warrants for failing to appear or violating his probation every year since 2010. In light of these warrants, the Court has no confidence that the Defendant would abide by any conditions it might impose.

The third factor for the Court to consider examines the history and characteristics of the Defendant, including "the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings[.]" 18 U.S.C. § 3142(g)(3)(A). Other than his family ties, the Court heard no evidence that any of these characteristics weigh in favor of release. The Defendant has a history of drug charges, and Ms. Allison testified that the Defendant turned to drugs because he was depressed. The Defendant's criminal history weighs heavily in favor of detention: The Defendant has been arrested or warrants have been issued for him thirty-nine (39) times since 2009. The Defendant has been arrested seven times in the last two years. The Defendant was charged with evading arrest in 2009, pled guilty to evading arrest in 2012, and was again charged with evading arrest in 2015. The Court finds this criminal history reveals the Defendant is both a danger and a flight risk.

The biggest impediment to the Defendant's release are his serious pending charges in Knox, Loudon, and Roane Counties. The Defendant's Knox County charges relate to

5

him possessing drugs and guns in a motel in February 2016.[1] The Defendant is charged in Loudon County with drug and gun offenses occurring in December 2015. Finally, the Defendant has two outstanding warrants in Roane County for failure to appear on a 2014 case. Accordingly, the Court cannot release the Defendant to attend his grandmother's memorial service, because he would have to be released to Knox County. If he was able to make bond on the Knox County charges, he would then be returned to Loudon County. If released there, he would possibly be returned to Roane County. The Court finds that the Defendant could not appear on his Knox and Loudon county offenses before the memorial service.

Part (B) of the third factor looks to whether the defendant was on probation, parole, or some other type of release at the time of the present offense or arrest therefor. See 18 U.S.C. § 3142(g)(3)(B). While the Defendant certainly has pending charges in other jurisdictions, the Court cannot tell if he was on pretrial release for these offenses at the time he committed the instant offense or if he had simply never appeared on these other offenses. However, the Court has already discussed the Defendant's long history of failing to appear for court and violating probation.

Finally, with respect to the "nature and seriousness of the danger to any person or the community that would be posed by the person's release," the Court finds that the danger posed by the Defendant's release would be significant. See 18 U.S.C. § 3142(g)(4). First, the Defendant is presumed to be a danger due to the serious drug charge he faces. Second, the Pretrial Services Report shows that the Defendant is the type of person who flees from arrest and who possesses drugs and firearms in a motel room, without regard to the danger to bystanders.

---

[1] The undersigned observes that the Pretrial Services Report states that Ms. Allison was with the Defendant at the motel, the room was in her name, and a search of the room revealed marijuana, methamphetamine, twenty needles, and a handgun.

6

In sum, the Court finds that in weighing the section 3142(g) factors, the Defendant should be detained. The presumption itself reflects a congressional finding that drug traffickers pose a special flight risk and risk of danger to the community. See Stone, 608 F.3d at 945 (observing that "the presumption reflects Congress's substantive judgment that particular classes of offenders should ordinarily be detained prior to trial"). The Court finds that in this case, the Defendant did not successfully rebut the presumption with the evidence he presented. The Court finds by a preponderance of the evidence that the Defendant presents a flight risk. The Court also finds clear and convincing evidence that the Defendant presents a danger to the community.

Moreover, the Court finds that the conditions suggested–that he attend his grandmother's memorial service with Ms. Allison and participate in electronic monitoring—do not offer the Court any assurance that he would not commit other crimes or would appear as required. Ms. Allison was present when he possessed drugs and firearms in a motel room in February 2016. Additionally, Ms. Allison's testimony suggested that the Defendant turned to drugs because he was depressed. The Court finds the instant circumstances could also incite the Defendant to abuse drugs. Finally, the conditions suggested by the Defendant cannot prevent him from going into custody in another jurisdiction. Examining the section 3142(g) factors, as it must, the Court can come to no other conclusion except that the Defendant does not qualify for release.

As an alternative to his motion for release on conditions, the Defendant asks the Court to order the United States Marshals to transport him to his grandmother's memorial service on August 27, at 2:30 p.m. The Defendant has presented no information on whether the marshals have sufficient manpower to transport and secure the Defendant during the memorial

7

service, which occurs on a weekend. The Court observes that other recent requests for release have been denied due to a lack of manpower. Additionally, even in the best of circumstances, the Court does not permit defendants incarcerated on serious drug charges to attend services in the community because of the security risk involved. The Court has on a few occasions permitted incarcerated defendants to be taken in the custody of the marshals for a private viewing of the body of an immediate relation, such as a child. Such a furlough is not requested or possible here.

For these reasons, the Emergency Motion of the Defendant for a Detention Hearing, or for Temporary Release from Custody, and Other Relief [**Doc. 98**] was **DENIED** at the August 26 hearing. Because the Court has found that no condition or combination of conditions of release exist could reasonably assure the safety of the community or the Defendant's appearance, the Defendant is **ORDERED** to remain in detention until his trial or other resolution of his case. The Defendant is committed to the custody of the Attorney General or his designated representative for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The Defendant shall be afforded a reasonable opportunity for private consultations with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

**IT IS SO ORDERED.**

ENTER, *nunc pro tunc* to **August 26, 2016**:

s/ C. Clifford Shirley, Jr.
United States Magistrate Judge