UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| UNITED STATES OF AMERICA, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No.: 3:16-CR-11-TAV-DCP-2 |
|  | ) |  |
| ROBERT YELVERTON, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

## MEMORANDUM OPINION AND ORDER

This criminal action is before the Court on defendant's *pro se* motion to file a second or successive motion to vacate, set aside, or correct sentence, under 28 U.S.C. § 2255 [Doc. 275]. In this motion, defendant alleges that he filed two § 2255 motions, one in either December 2016 or January 2017, and another in 2019, but recently discovered that the Court has not received these § 2255 motions. Defendant also states that he would like information on how to receive a public defender.

As to defendant's request to file a second or successive § 2255 motion, contrary to his assertion, defendant has not filed any § 2255 motion with this Court. Indeed, the Court notes that defendant claims to have filed a § 2255 motion in December 2016 or January 2017, but defendant had not even been sentenced at that time, and therefore, could not possibly have filed a § 2255 motion. Moreover, although defendant has filed numerous letters indicating he desires to file a § 2255 motion, he has yet to file such motion. Thus, defendant is not precluded from filing an initial § 2255 motion, and therefore, leave to file a second or successive motion is unnecessary. Further, defendant's instant motion does

not provide any specific claims that defendant wishes to raise, such that the Court could plausibly construe the motion as a first § 2255 motion.

To the extent that defendant's motion requests appointment of counsel for purposes of filing a § 2255 motion, defendant does not have a constitutional right to counsel in mounting a collateral attack on his sentence. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Instead, the Criminal Justice Act provides that the Court may appoint counsel to represent a criminal defendant in a subsequent § 2255 proceeding if the Court determines that the interests of justice so require. 18 U.S.C. § 3006A; *see also* 28 U.S.C. § 2255(g) (permitting the court to consider the appointment of counsel in "proceedings brought under this section").

Notably, "[b]ecause § 2255 motions are civil proceedings, they are governed by the Federal Rules of Civil Procedure." *United States v. Quinlan*, No. 08-cv-14985, 2009 WL 2351776, at *3 (E.D. Mich. July 29, 2009) (citing *Bowdidge v. Lehman*, 252 F.2d 366, 368 (6th Cir. 1958)). In deciding whether to appoint counsel in a civil case, the Court considers whether exceptional circumstances exist by examining the following factors: (1) "the type of case," (2) the litigant's "abilit[y] to represent himself," and (3) the "complexity of the factual and legal issues involved." *Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993) (internal quotations omitted). Generally, this Court does not appoint counsel in a collateral attack upon a conviction or sentence unless it has determined that a hearing on the § 2255 motion is necessary. *Vinson v. United States*, 235 F.2d 120, 122 (6th Cir. 1956); *United States v. Wooden*, No. 1:03-cr-66, 2008 WL 5110790, at *2 (E.D. Tenn.

Nov. 26, 2008) (holding that the court "cannot appoint counsel at government expense to provide legal advice and represent [a criminal defendant] prior to the filing of a § 2255 motion").

In this case, defendant has not yet even filed his § 2255 motion. Accordingly, the Court has not scheduled an evidentiary hearing on such motion. *See* Rule 8 of the Rules Governing Section 2255 Proceedings. Moreover, the Court finds that defendant has not demonstrated exceptional circumstances requiring the appointment of counsel. *See Smith v. United States*, 421 F.2d 1300, 1301 (6th Cir. 1970) (observing that the court assumes an individual "in custody can recall sufficiently the circumstances of a non-frivolous error to frame an appropriate motion to vacate sentence").

Finally, to the extent that defendant requests guidance on filing a § 2255 motion, as the Court previously noted [Doc. 274], it cannot provide legal advice to defendant or instruct him as to what motions he should file. *See United States v. Mullikin*, Nos. 5:06-cr-115, 5:05-cr-162, 2019 WL 2997834, at *1 (E.D. Ky. July 9, 2019) ("Regarding Mullikin's requests for legal advice concerning the effect *Davis* has on his case . . . the Court cannot provide legal advice or instruct Mullikin on what he should file.").

For these reason's defendant's pro se motion for leave to file a second or successive § 2255 motion [Doc. 275] is **DENIED**. The Clerk's Office is **DIRECTED** to mail defendant a § 2255 motion form, in addition to a copy of this order.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

3

Case 3:16-cr-00011-TAV-DCP   Document 276   Filed 05/31/22   Page 3 of 3   PageID #: 2160